[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15199
Non-Argument Calendar

_____

D. C. Docket No. 06-60170-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HEATH HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 5, 2008)**

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Heath Howard appeals his conviction for conspiracy

to commit robbery on the grounds that the government breached the plea agreement. After review, we affirm.

## I. BACKGROUND

Howard pled guilty to one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a). In the plea agreement, Howard and the government agreed to "jointly recommend that the court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines" and "that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case." The plea agreement also stated that the government "reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning . . . the defendant and the defendant's background."

The Presentence Investigation Report ("PSI") determined that Howard qualified as a career offender under U.S.S.G. § 4B1.1 based on his two prior felony convictions for controlled substance offenses. After applying a three-level reduction for acceptance of responsibility, the PSI calculated an advisory guidelines range of 151 to 188 months' imprisonment.

At sentencing, Howard argued that the district court should sentence him

2

below the guidelines range based on the factors in 18 U.S.C. § 3553(a). Howard argued that he played only a minor role in the conspiracy and that he was less culpable than his codefendant Marcus Howard, who received a sentence of 84 months' imprisonment. Howard also claimed that the PSI overstated his criminal history in designating him as a career offender because one of the predicate felonies occurred before his eighteenth birthday. Thus, Howard asked the district court to exercise its discretion to impose a 84-month sentence, which would have been the low end of the guidelines range if the career-offender enhancement was not applied.

In response, the probation officer noted that Howard had two additional felonies that would qualify him as a career offender even if the district court did not consider the felony conviction disputed by Howard. The government argued that Heath Howard's criminal history was not overrepresented by his classification as a career offender because Howard's criminal activity started at age thirteen, he "has been a menace ever since," and "[h]e has not had a year where he is crime free." As to Howard's culpability compared to his codefendants, the government argued that Howard was not a minor participant in the offense. The government explained that the parties believed that all participants in the conspiracy would be sentenced as career offenders at the time that Howard's plea agreement was signed,

but they learned later that codefendant Marcus Howard did not have enough predicate felonies to qualify as a career offender. Thus, the government recommended that the district court sentence defendant Howard within the advisory guidelines range and stated that it would not object to a sentence at the bottom of the advisory guidelines range.

The district court found that defendant Howard's criminal history was accurate and appropriate for purposes of the career-offender enhancement. The district court calculated an advisory guidelines range of 151 to 188 months' imprisonment and sentenced Howard to 151 months' imprisonment. Howard filed this appeal.[1]

## II. DISCUSSION

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty. Furthermore, whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (quotation marks, brackets, and citations omitted).

---

[1]We generally review de novo the legal question of whether the government breached a plea agreement. United States v. De La Garza, 516 F.3d 1266, 1269 (11th Cir. 2008), petition for cert. filed (U.S. May 15, 2008) (No. 07-11001). However, because Howard did not object to the government's conduct in the district court, we review only for plain error. Id.

4

We conclude that the government did not breach the plea agreement. First, the government did not breach its promises in the plea agreement to recommend that the district court sentence Howard "within the advisory guideline range produced by application of the Sentencing Guidelines" and not depart upward or downward from the guidelines range. To the contrary, the government recommended that the district court sentence Howard within the advisory guidelines range of 151 to 188 months' imprisonment and stated that it would be satisfied with a sentence at the lower end of that guidelines range. The government's agreement with the district court's calculation of the advisory guidelines range, which included the application of the career-offender enhancement, is not equivalent to a recommendation that the district court depart upward from the guidelines range. Compare U.S.S.G. § 4B1.1 (career-offender enhancement), with U.S.S.G. § 4A1.3(a) (policy statement on upward departures based on criminal history category underrepresenting criminal history).

Second, the government's comments on Howard's criminal history at sentencing did not violate the plea agreement. The plea agreement explicitly provided that the government may inform the district court of facts relevant to sentencing, including information on Howard's background. Furthermore, the government's statements were made only in response to Howard's argument that

5

the district court should vary downward from the advisory guidelines range because it overrepresented his criminal history.

Thus, we affirm Howard's conviction.

**AFFIRMED.**